IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 103 FINLEY AVENUE, | ) | |
| GREER, SC  29651, | ) | |
| TMS#: G018.00-04-011.05, | ) | |
| | ) | |
| Defendant *In Rem*. | ) | |

**UNITED STATES' COMPLAINT FOR FORFEITURE *IN REM***

The Plaintiff, United States of America, brings this complaint and alleges as follows, in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit to the United States of America the Real Property located at 103 Finley Avenue, Greer, South Carolina, 29651, TMS#: G018.00-04-011.05, as set forth in Attachment A, ("Defendant Property"), pursuant to 21 U.S.C. § 881(a).  The United States seeks forfeiture based upon a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Property constitutes, or is traceable to:

  a. property involved in maintaining drug-involved premises as set forth in 21 U.S.C. § 856(a)(1); and

      b.      property involved in and property facilitating a Controlled Substances Act violation as set forth in 21 U.S.C. § 841 et al.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355. This Court has *in rem* jurisdiction over the Defendant Property pursuant to:

      (a)      28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the District of South Carolina; and

      (b)      28 U.S.C. § 1355(b)(1)(B), because venue properly lies in this district pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT *IN REM*

3.      The defendant is real property known and numbered as 103 Finley Avenue, Greer, South Carolina, 29651, TMS#: G018.00-04-011.05, with all appurtenances, improvements, and attachments thereon, and is more fully described in Attachment A.

      The record owner of the Defendant Property is Tonny Lee Freeman ("Freeman").

4.      The Defendant Property is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the Defendant Property at this time, however, the United States has placed a lis pendens on the property. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

      a.      post notice of this action and a copy of the Complaint on the Defendant Property;

    b.    serve notice of this action on the owner of Defendant Property and on any other person or entity who may claim an interest in the Defendant Property, along with a copy of the Complaint;

    c.    execute a writ of entry for purposes of conducting an inspection and inventory of the Defendant Property; and,

    d.    file a lis pendens in county records giving notice of the Defendant's real property status as a defendant in this *in rem* action.

### KNOWN POTENTIAL CLAIMANTS

5.    The known individuals whose interests may be affected by this litigation are:

    a.    Tonny Lee Freeman may have an interest in the Defendant Property as the Defendant Property is titled in his name.

### BASIS FOR FORFEITURE

6.    The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) and 21 U.S.C. § 881(a) which provides, in pertinent part:

    (a)    the following property is subject to forfeiture to the United States and no property right shall exist in them:

    (7)    All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Controlled Substances Act.

7.    Pursuant to the pleading requirements of Supplemental Rule G(2)(f), Plaintiff alleges that there is a factual basis to support a reasonable belief that the Government will

3

be able to meet its burden of proof at trial to show that the Defendant Property is subject to forfeiture to the United States, based in part upon the following:

a.      DEA Atlanta was investigating a drug trafficking organization with connections to Mexico-based drug suppliers between 2019–2021.  Beginning in August 2021, Freeman was intercepted over a DEA Atlanta wire communicating with a drug courier named Deontay Turner.  Turner's supplier was Marcelino Hernandez-Garcia, aka "Primo," who was based in Mexico. In approximately August 2021, Freeman complained about the taste of cocaine and returned kilograms of cocaine to Turner in Greer, South Carolina.  Turner drove from Atlanta to meet Freeman.

b.      On November 10, 2021, DEA Atlanta executed a search warrant at Turner's residence and seized approximately 23 kilograms of cocaine.  DEA Atlanta continued their investigation, and on March 17, 2022, they arrested "Primo" while he was traveling as a passenger in a semi-trailer truck near Atlanta, Georgia GA.

c.      During this time, DEA Greenville began investigating Freeman here in South Carolina. On September 30, 2021, DEA Greenville, through a CS, purchased one ounce of heroin from Freeman for $1,500.00.

d.      Similarly, on November 9, 2021, DEA Greenville, through a CS, purchased one ounce of heroin from Freeman for $1,500.00. Freeman was charged and pled guilty to conspiring to distribute and possess with intent to distribute 1 kilogram or more of heroin, 5 kilograms or more of cocaine, and a quantity of marijuana.

e.      Freeman maintained two residences: 103 Finley Avenue, Greer SC (Defendant

4

Property and his primary residence where he mostly lived) and 414 King Street, Greer SC (secondary residence where he often met co-conspirators).

f.      On May 28, 2022, Freeman met two Hispanic sources of supply, Selena Palacios and Freddie Garcia, at 103 Finley Avenue, Greer, SC. During the meeting, Freeman purchased multiple kilograms of cocaine from Palacios and Garcia.

g.      Additionally, on May 29, 2022, Freeman again met Palacios and Garcia at 103 Finley Avenue, Greer, SC. During the meeting, Freeman purchased multiple kilograms of cocaine from Palacios and Garcia.

h.      On May 31, 2022, DEA executed search warrants at the Defendant Property 103 Finley Avenue and 414 King Street. Freeman was at the Defendant Property 103 Finley Avenue residence at the time of the search where DEA recovered the following: 1) Charter Arms .44 caliber revolver (SN: 273078), 2) Taurus Millennium model PT111 G2 9mm pistol (SN: TKM57183), 3) Taurus .357 caliber revolver (SN: DN110335), and 4) a Sig Sauer model P250 9mm pistol (SN: EAK181734); along with $107,759 in US currency and approximately 10,142.1 grams of cocaine.

i.      At 414 King Street, DEA recovered the following: approximately 85.6 grams of cocaine; approximately 2,505.5 grams of heroin; approximately 11,950 grams of marijuana; and $99,860.00 in US currency.

j.      Freeman, and 10 other co-conspirators, were indicted on July 20, 2022. Freeman was charged with 1 count of conspiracy to traffic drugs, 3 counts of trafficking heroin, marijuana and cocaine, 1 count of felon in possession of firearms and ammunition,

possession of a firearm in furtherance of a drug trafficking crime, conspiracy to commit money laundering and use of a communication facility in furtherance of a drug felony. Freeman pled guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, a quantity of marijuana and conspiracy to commit money laundering. Freeman was sentenced to 240 months on April 3, 2023.

8.      Based on the information and allegations set forth herein, there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Property constitutes, or is traceable to:

      a.      property involved in maintaining drug-involved premises as set forth in 21 U.S.C. § 856(a)(1); and

      b.      property involved in and property facilitating a Controlled Substances Act violation as set forth in 21 U.S.C. § 841 et al.

## **CONCLUSION**

8.      By reason of these premises, and pursuant to 18 U.S.C. § 981(f) and 21 U.S.C. § 881(h), whereby the Plaintiff's right, title and interest in and to the Defendant Property located at 103 Finley Avenue, Greer, South Carolina, 29651, TMS#: G018.00-04-011.05, relates back to the commission of the act giving rise to the forfeiture, the Defendant Property has become and is forfeited to the United States of America, to be disposed of pursuant to Supplemental Rule G(7)(c) for Admiralty or Maritime Claims and Asset Forfeiture Actions, 18 U.S.C. § 981(d), 21 U.S.C. § 881(e), and other applicable laws.

WHEREFORE, Plaintiff prays that due process be issued to enforce the forfeiture of the Defendant Property, *in rem*; that a Warrant for Arrest of the Defendant Property be issued; that due Notice be given to all interested persons to appear, make claim, answer and show cause why the forfeiture should not be decreed; that the Defendant Property be decreed condemned and forfeited to the United States of America for disposition according to law; and that Plaintiff have such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:  *s/Carrie Fisher Sherard*
Carrie Fisher Sherard #10134
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
(864) 282-2100

7